**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

*\*Electronically Filed\**

| | | |
|---|---|---|
| **HERMAN ANDREW GESENHUES,** | * | Case No.:  3:19-00204-JHM |
| | * | |
| Plaintiff, | * | Judge Joseph H. McKinley, Jr. |
| | * | |
| v. | * | |
| | * | |
| **RADIAL, INC. and ADECCO** | * | |
| **STAFFING,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## DEFENDANT ADECCO'S MOTION TO COMPEL ARBITRATION AND DISMISS THE CASE WITHOUT PREJUDICE

Defendant Adecco USA, Inc ("Adecco") moves this Court for an order dismissing this action and compelling the arbitration of Plaintiff's claims under the Federal Arbitration Act, 9 U.S.C. § 4.  A memorandum in support is attached.

Respectfully Submitted,

*/s/ David A. Nenni*
Patricia Anderson Pryor (KBA 94207)
David A. Nenni (KBA 97826)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio  45202
Telephone:  (513) 898-0500
Facsimile:  (513) 898-0051
E-mail:  Patricia.Pryor@jacksonlewis.com
E-mail:  David.Nenni@jacksonlewis.com

*Attorneys for Defendant Adecco Staffing*

1

## CERTIFICATE OF SERVICE

I certify that on the 9th day of June, 2020, the foregoing was electronically filed and served by e-mail upon the following:

Herman Andrew Gesenhues
8955 Highway 62 N.E.
Lanesville, IN  47136
christiandisciple@aol.com

*Pro Se Plaintiff*

LaToi D. Mayo
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
lmayo@littler.com

*Attorney for Defendant Radial, Inc.*

*/s/ David A. Nenni*
David A. Nenni

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| **HERMAN ANDREW GESENHUES,** | * | Case No.:  3:19-00204-JHM |
| | * | |
| Plaintiff, | * | Judge Joseph H. McKinley, Jr. |
| | * | |
| v. | * | |
| | * | |
| **RADIAL, INC. and ADECCO** | * | |
| **STAFFING,[1]** | * | |
| | * | |
| Defendants. | * | |
| | * | |

### MEMORANDUM IN SUPPORT OF ADECCO'S MOTION TO COMPEL ARBITRATION AND DISMISS THE CASE WITHOUT PREJUDICE

This Motion formalizes Defendant Adecco USA, Inc.'s Motion and request that this Court dismiss Plaintiff Herman Gesenhues' claims against Adecco in favor of arbitration. The appropriateness of arbitration based on the same arbitration agreements referenced in this Motion has already been confirmed by this Court and the Sixth Circuit, at least as to Defendant Radial, Inc.  Arbitration is the appropriate forum for Gesenhues' claims.

Gesenhues signed an agreement to arbitrate any and all disputes related to his employment with Adecco.  Nonetheless, Gesenhues filed his Complaint on March 19, 2019, alleging claims under (among others): (1) Title VII (42 U.S.C. §§2000e to 2000e-17); (2) the ADEA (29 U.S.C. §§621 to 634); and (3) the ADA (42 U.S.C. §§12112 to 12117).  (Compl., Doc. 1, PageID 1-8). Consistent with *Gesenhues v. Radial, Inc.*, Case No. 19-5932, 2020 U.S. App. LEXIS 9113

---

[1]  Adecco Staffing is not a properly named party to this case.  Plaintiff should have identified Adecco USA, Inc. as the proper party defendant instead of Adecco Staffing.

(6th Cir., Mar. 23, 2020), Adecco moves the Court to compel arbitration and dismiss Gesenhues' Complaint.

## BACKGROUND

### A.    The Parties

Adecco, in part, provides temporary workers to former Co-Defendant Radial, Inc. ("Radial").  (Doc. 12-2, PageID# 66 (Crawford Decl. ¶4); Prentiss Decl. ¶5.)  Adecco employed Gesenhues and assigned him to work at Radial in October 2017.  (Prentiss Decl. ¶5.)

### B.    The Arbitration Agreement

On October 9, 2017, Gesenhues executed a Voluntary Dispute Resolution and Arbitration Agreement for Consultants/Associates ("Arbitration Agreement").  (Prentiss Decl. ¶15, Exh. B.) In relevant part, it states:

- "The Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the Parties, or the termination of the employment relationship . . . shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association then in effect."  (Prentiss Decl. ¶16, Exhibit B, p. 1)

- The Arbitration Agreement is "enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq."  (*Id*.)

- Then, in all capital letters, the Arbitration Agreement states:  (1) "BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY CLAIM COVERED BY THE ARBITRATION OBLIGATIONS IN THIS AGREEMENT DECIDED BY A JUDGE OR JURY IN A COURT"; and (2) "TO THE EXTENT PERMITTED BY LAW, EMPLOYEE AND COMPANY KNOWINGLY,

4

VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY FOR ALL CLAIMS."  (*Id.*, Exhibit B, pp. 1, 3)

The Arbitration Agreement provides all relevant safeguards to ensure fairness:

- It establishes a reasonable location for the arbitration in the county where Gesenhues worked.  (Prentiss Decl. Exhibit B, p. 2)

- It is mutually binding.  (Prentiss Decl. Exhibit B)

- It provides for a fair process using the AAA Employment Arbitration Rules, which require only a $300 filing fee from Gesenhues.  (Prentiss Decl. Exhibit B, p. 1; https://www.adr.org/sites/default/files/Employment_Fee_Schedule1Nov19_2.pdf, at p. 4 (last viewed, April 16, 2020).)

- It provides a proper legal channel for pursuing legal claims.  (Prentiss Decl. Exhibit B, p. 2)

- The Arbitrator can grant lawful relief.  (Prentiss Decl. Exhibit B, p. 1; *see also* AAA Rule 39(d) ("arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court . . .").)

On March 19, 2019, Gesenhues breached the Arbitration Agreement by filing his employment related claims in this Court.  (Compl., Doc. 1, PageID 1-8.)

## **ARGUMENT**

### I.   **The Parties' Arbitration Agreement is Enforceable.**

The FAA embodies a strong federal policy favoring arbitration:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of a contract, transaction, or refusal, shall be valid,

> irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2; *See Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003). *See also Gesenhues*, 2020 U.S. App. LEXIS 9113, *5-6. The FAA mandates enforcing arbitration agreements that (1) are part of a contract or transaction involving commerce; and (2) are valid under general principals of contract law. *9 U.S.C. § 2*.; *Doctor's Assocs. V. Casarotto*, 517 U.S. 681, 687-88 (1996) (also noting that "Courts may not . . . invalidate arbitration agreements under state laws applicable *only* to arbitration provisions.").

The Arbitration Agreement between Gesenhues and Adecco satisfies both requirements and is therefore enforceable.

### A.    Gesenhues' Relationship with Adecco Involves Interstate Commerce.

Adecco is one of the largest staffing companies in the United States and provides a full range of recruitment and staffing solutions for its clients. (Prentiss Decl. ¶2.) Adecco maintains its corporate headquarters in Jacksonville, Florida, but has branches and offices in 47 states, including Kentucky. (*Id*.) Thus, Adecco is involved in interstate commerce. *See Allied-Bruce Terminix Cos., Inc. v. Dobson* (1995) 513 U.S. 265, 282 (to show that an agreement is subject to the FAA, a defendant need only establish that it conducts operations in the stream of commerce – regardless of whether Plaintiff herself was directly involved in such interstate operation). Further, the FAA's reference to commerce in Section 2 is well-established to include employment relationships touching on commerce. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122–23 (2001); *Lloyd v. HOVENSA, LLC*, 497 F.3d 355, 363 (3d. Cir. 2007).

Gesenhues has not disputed Adecco is involved in interstate commerce before this Court or in his Sixth Circuit Appeal. His failure to dispute it is further evidence supporting a finding

that the contract involves commerce. *See Sosby v. Miller Brewing Co.*, Case No. No. 05-4629, 211 F. App'x 382, 386-87 (6th Cir. 2006).

### B. The Arbitration Agreement Between the Parties is Valid Under Applicable Principles of Contract Law.

General principles of contract law determine the validity of an arbitration agreement. *Doctor's Assocs. Inc.*, 517 U.S. at 686–87; *see also Perry v. Thomas*, 482 U.S. 483, 492, n.9 (1987); *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621, 1632 (2018); *Gesenhues*, 2020 U.S. App. LEXIS 9113, *6; *Kruse v. AFLAC Int'l, Inc. et al.*, 458 F. Supp. 2d 375, 382 (E.D. Ky. 2006).

In Kentucky, a valid contract requires offer and acceptance, complete terms, and consideration. *AT&T Mobility Services LLC v. Payne*, Case No. 3:17-cv-649, 2018 WL 935441, *2, 2018 U.S. Dist. LEXIS 25817, *4 (W.D. Ky. Feb. 16, 2018.)

Here:

1) Gesenhues agreed to be bound by the Arbitration Agreement. *See Supra*. He approved his electronic signature to the Arbitration Agreement. (Prentiss Decl. ¶ 15.) This practice is endorsed by this Court and the Sixth Circuit. *See e.g.*, *Braxton v. O'Charley's Restaurant Properties, LLC*, 1 F. Supp. 3d 722, 726 (W.D. Ky. 2014); *Gesenhues*, 2020 U.S. App. LEXIS 9113.

2) The Agreement establishes the "complete terms" of this dispute resolution agreement. (Prentiss Decl. Exhibit B).

3) Adequate consideration exists because employment, initial or continued, constitutes valid consideration for an arbitration agreement. *See Aldrich v. University of Phoenix, Inc.*, No. 3:15-cv-578, 2016 WL 915287, at *9, 2016 U.S. Dist. LEXIS 27591, *24-25 (W.D. Ky. Mar. 4, 2016). Gesenhues received this.

Gesenhues did not dispute this before this Court or in his Sixth Circuit Appeal. His non-dispute alone is dispositive of this issue. *See supra Sosby*.

The Arbitration Agreement also has all the hallmarks of a mutual and fair arbitration agreement: (1) it establishes a reasonable location for the arbitration; (2) there is a mutual obligation to arbitrate; (3) the Arbitration Agreement and application of the AAA Employment Rules ensure fairness; (4) it ensures an appropriate avenue for Gesenhues to pursue his legal claims; and (5) it empowers the arbitrator to award all types of relief for the particular type of claim that would be available in a court. *See supra.*

Even if any question remained, there is a "presumption of arbitrability" under the FAA. *AT&T Techs. v. Commc'ns. Workers of Am.*, 475 U.S. 643, 650 (1986) ("[An] order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.") (citation omitted); *Glazer v. Lehman Bros.,* 394 F.3d 444, 450 (6th Cir. 2005) (same). Indeed, Gesenhues' obligation to arbitrate has already been affirmed by the Sixth Circuit. *See Gesenhues*, 2020 U.S. App. LEXIS 9113.

### C.    The Scope of the Agreement Encompasses Gesenhues Claims.

The Arbitration Agreement states, "any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the Parties, or the termination of the employment relationship . . . shall be resolved by binding arbitration." *See Supra.* Gesenhues' claims are all related to his employment with Adecco. *(*Compl. Doc. 1, PageID 1-8*.)* Because the Arbitration Agreement expressly covers his claims, Gesenhues is bound to arbitrate them. His claims must be arbitrated, and his Complaint must be dismissed. *See Gesenhues*, 2020 U.S. App. LEXIS 9113.

**II.    The Sixth Circuit Determined that This Agreement is Valid and Enforceable.**

This motion concerns the same Arbitration Agreement the Sixth Circuit and this Court already determined are valid and enforceable. *Gesenhues*, 2020 U.S. App. LEXIS 9113, at *8. Accordingly, this Court should enforce the Arbitration Agreement and dismiss Gesenhues' claims.

**CONCLUSION**

For these reasons, the parties have undisputedly entered a valid and enforceable agreement to arbitrate the employment-related claims alleged in the Complaint. The FAA's liberal federal policy favoring arbitration and the Sixth Circuit's order mandate that the Arbitration Agreement be enforced according to its terms, and that Gesenhues' case be resolved through arbitration. The Court should dismiss Gesenhues' claims without prejudice and compel arbitration.

Respectfully Submitted,

*/s/ David A. Nenni*

Patricia Anderson Pryor (KBA 94207)
David A. Nenni (KBA 97826)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio  45202
Telephone:  (513) 898-0500
Facsimile:  (513) 898-0051
E-mail:  Patricia.Pryor@jacksonlewis.com
E-mail:  David.Nenni@jacksonlewis.com

*Attorneys for Defendant Adecco Staffing*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 9th day of June, 2020, the foregoing was electronically filed and served by e-mail upon the following:

Herman Andrew Gesenhues
8955 Highway 62 N.E.
Lanesville, IN  47136
christiandisciple@aol.com

*Pro Se Plaintiff*

LaToi D. Mayo
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
lmayo@littler.com

*Attorney for Defendant Radial, Inc.*

/s/ David A. Nenni
David A. Nenni

4813-0637-0746, v. 1