UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| HERMAN ANDREW GESENHUES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-204-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ADECCO USA, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Compel Arbitration and Dismiss the Case Without Prejudice filed by Defendant Adecco USA, Inc.[1] [R. 27] Plaintiff Herman Andrew Gesenhues filed no response. This matter is ripe for decision. For the reasons stated below, Defendant's Motion to Compel Arbitration is **GRANTED**.

### I.   Background

In October 2017, Defendant Adecco USA, Inc. ("Adecco") hired Gesenhues and assigned him to work in a fulfillment center in Louisville, Kentucky operated by Radial, Inc. ("Radial"). [R. 27-1, ¶ 5; R. 4] Adecco provides temporary workers to its clients, including Radial. [R. 27-1, ¶¶ 2–5] As part of his onboarding process, Plaintiff entered into several agreements with Adecco, including a Voluntary Dispute Resolution and Arbitration Agreement for Consultants/Associates ("Arbitration Agreement" or "Agreement"). The Arbitration Agreement provided that any disputes concerning his employment with Adecco be submitted to binding arbitration. [*Id.*, pp.

---

[1] The Complaint names "Adecco Staffing" as the defendant, but Adecco USA, Inc. is the proper party. [R. 27, p. 3]

1

8–11][2] Plaintiff also agreed that Adecco's clients, like Radial, were third-party beneficiaries of the Arbitration Agreement. [*Id.*, p. 9]

> The Arbitration Agreement provides in relevant part:
>
> The Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the Parties, or the termination of the employment relationship . . . shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association then in effect. . . .
>
> **BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY CLAIM COVERED BY THE ARBITRATION OBLIGATIONS IN THIS AGREEMENT DECIDED BY A JUDGE OR JURY IN A COURT.**

[*Id.*] Plaintiff electronically signed the Agreement on October 9, 2017, and a representative of Adecco also signed the Agreement. [*Id.*, p. 11; *Id.*, ¶ 15] Plaintiff further completed and electronically signed the Acknowledgement of Company Forms that lists all documents that are part of the onboarding process. [*Id.*, ¶ 18] The Acknowledgement requires the associate (here, Gesenhues) to acknowledge receipt of the terms of all onboarding agreements and forms and agreement to read and accept them. [*Id.*] Despite signing the Arbitration Agreement (and the Acknowledgement), Plaintiff filed his *pro se* Complaint in this Court in March 2019. [R. 1] Plaintiff claims Adecco and Radial discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12112, *et. seq.*[3] [R. 1, p. 4]

---

[2] The Arbitration Agreement is attached to the Declaration of Rachel Prentiss with Exhibits [R. 27-1] as Exhibit B, located at pp. 8–11.
[3] Plaintiff also claimed violations of relevant state and city/county law but did not specify what those laws were. [R. 1, p. 4]

By way of background, Radial, as a third-party beneficiary, previously moved to dismiss Gesenhues's claims against it and compel arbitration based on the Arbitration Agreement Plaintiff signed with Adecco. [R. 12] Plaintiff did not file a response to Radial's motion. This Court granted Radial's motion to dismiss as unopposed and ordered Plaintiff's Complaint be dismissed *with* prejudice. [R. 15 (the "Prior Order")] Although Adecco did not join in Radial's motion to dismiss, the Prior Order also dismissed all claims against Adecco. [*Id.*]

Plaintiff appealed. On appeal, the Sixth Circuit held that to the extent the Court dismissed Plaintiff's Complaint solely because it was unopposed, the Court would have abused its discretion. [R. 20-2, p. 3] Even so, based on de novo review of the record, the Sixth Circuit found that Plaintiff's employment discrimination claims against Radial fell within the scope of the Arbitration Agreement and any error by this Court in failing to address Plaintiff's claims on the merits was harmless. [*Id.*, p. 4] Therefore, the Sixth Circuit affirmed the Prior Order and judgment granting Radial's motion to dismiss and compel arbitration but vacated the Prior Order to the extent it dismissed Plaintiff's Complaint *with* prejudice. [*Id.*, p. 4] The Sixth Circuit also held that the Court abused its discretion in *sua sponte* dismissing Plaintiff's Complaint against Adecco, a non-moving party, and vacated the dismissal of Adecco. [*Id.*, p. 5] Accordingly, the appellate court remanded to this Court, to amend the judgment against Radial to a dismissal *without* prejudice,[4] and for further proceedings consistent with its order. [*Id.*, pp. 5–6] Post-remand, this matter was transferred to the undersigned [R. 24], and thereafter Adecco filed this Motion to Compel Arbitration. [R. 27].[5]

---

[4] On April 23, 2020, this Court entered an Order amending the prior judgment against Radial to a dismissal without prejudice. [R. 26]

[5] The procedural posture with respect to Adecco needs some clarifying. The record reflects that "Adecco Staffing" was served at 7601 Trade Point Drive, Louisville, Kentucky 40258 on June 4, 2019 [R. 13], but

3

## II. Analysis

The Federal Arbitration Act ("FAA") was enacted "to ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). The statute "embodies the national policy favoring arbitration." *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th. Cir. 2016) (citing *Seawright v. Am. Gen. Fin. Servs., Inc.,* 507 F.3d 967, 972 (6th Cir. 2007)). The FAA applies to written agreements to arbitrate disputes, so long as those agreements arise out of contracts involving transactions in interstate commerce.[6] Under its terms, such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that a district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Byrd*, 470 U.S. at 218.

---

Adecco never filed an answer or joined Radial's original motion to dismiss and compel arbitration. On appeal, the Sixth Circuit noted that "Adecco states that it was not properly served, and a closer look at the returns of service suggests that Gesenhues told the Marshals Service to serve Adecco at Radial's place of business." [R. 20-2, p. 2] After remand, counsel for Adecco entered a notice of appearance on April 3, 2020 and filed this Motion to Compel Arbitration on June 10, 2020. It is unclear if Adecco was ever properly served in this case. Regardless, Gesenhues has made no argument that Adecco failed to timely file an Answer or otherwise respond, or that Adecco waived its arbitration argument. Such waivers must be clear considering the strong policy in favor of arbitration, and the Court finds no grounds for finding such a waiver. *Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 494 (6th Cir. 2020) ("[W]aiver of the right to arbitration is not to be lightly inferred." (quoting *Johnson Assocs. v. HL Operating Corp.*, 680 F.3d 713, 716 (6th Cir. 2012))).

[6] The Federal Arbitration Act ("FAA") applies only to "[a] written provision in any maritime transaction or *a contract evidencing a transaction involving commerce.*" 9 U.S.C. § 2 (emphasis added). In *Allied Bruce–Terminix Cos. v. Dobson,* the United States Supreme Court had occasion to interpret the phrase "evidencing a transaction involving commerce." 513 U.S. 265 (1995). First, the Court concluded that the word "involving" was the "functional equivalent of 'affecting.'" *Id.* at 273–74. Next, the Court adopted a "transaction in fact" interpretation of the phrase "evidencing a transaction." *Id.* at 277–78. The Court "read[] the Act's language as insisting that the 'transaction' in fact 'involv[e]' interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Id.* at 281. Adecco is a large staffing company with its corporate headquarters in Jacksonville, Florida and offices in 47 states, including Kentucky. [R. 27-1, ¶ 2] Gesenhues has not disputed Adecco is involved in interstate commerce, and the Court finds that it is. *See Allied–Bruce Terminix Cos*, 513 U.S. at 282.

When a party invokes the FAA and asks a federal court to dismiss or stay a case and compel arbitration, the Court "must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000). This requires an examination of the contract language considering the strong federal policy favoring arbitration, resolving any ambiguities in the contract or doubts as to the parties' intentions in favor of arbitration. *Id.* Courts engage in the following four-step inquiry: (1) "determine whether the parties agreed to arbitrate"; (2) "determine the scope of that agreement"; (3) "if federal statutory claims are asserted, . . . consider whether Congress intended those claims to be nonarbitrable"; and (4) "if the court concludes that some, but not all, of the claims in the action are subject to arbitration, . . . determine whether to stay the remainder of the proceedings pending arbitration." *Id.*

The Court first turns to whether the parties agreed to arbitrate and the scope of any such agreement. Arbitration agreements are fundamentally contracts. As such, courts must "review the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011) (quoting *Seawright*, 507 F.3d at 972). In Kentucky, like in all jurisdictions, a contract is only enforceable if both parties agree to be bound by it. *Kovacs v. Freeman*, 957 S.W.2d 251, 254 (Ky. 1997). A digital signature demonstrates that intent. *See Mitchell v. Cambridge Franchise Holdings, LLC*, 433 F. Supp. 3d 1064, 1068 (W.D. Ky. 2020) (collecting cases).

Under the FAA, the party seeking to compel arbitration must first make a prima facie showing of the existence of a valid agreement to arbitrate. *Arnold v. Owensboro Health Facilities, L.P.*, No. 4:15-cv-00104-JHM, 2016 WL 502061, at *3 (W.D. Ky. Feb. 8, 2016) (citing *MHC Kenworth-Knoxville/Nashville v. M & H Trucking, LLC*, 392 S.W.3d 903, 906 (Ky. 2013)). A party can make its prima facie showing by providing copies of a written, signed

agreement to arbitrate. *Id.* To avoid arbitration, the non-moving party must demonstrate that the validity of the agreement is "in issue" by showing there is a genuine issue of material fact as to the validity of the arbitration agreement, a showing that mirrors the summary judgment standard. *Great Earth Co. v. Simons,* 288 F.3d 878, 888–89 (6th Cir. 2002); *see also Arnold v. Rent-a-Center, Inc.*, No. 11-18-JBC, 2011 WL 1810145, at *2 (E.D. Ky. May 12, 2011) ("This court will treat the motion to compel arbitration as one for summary judgment . . . ."); *Freeman v. Easy Mobile Labs, Inc.*, No. 1:16-CV-00018-GNS, 2016 WL 4479545, at *1 (W.D. Ky. Aug. 24, 2016). To do this, the party opposing arbitration must present sufficient evidence that, when viewed in the light most favorable to him, would permit "a reasonable finder of fact [to] conclude that no valid agreement to arbitrate exists." *Green Earth*, 288 F.3d at 889. Further, in analyzing the scope of an arbitration agreement, the Court acknowledges the "well-established rule that any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Brothers, Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

Turning to the facts in this case, Adecco has provided a copy of the Arbitration Agreement with Plaintiff's digital signature. [R. 27-1, pp. 8–11] Moreover, the Affidavit of Rachel Prentiss, Operations Manager/Onboarding for Adecco USA, Inc., explains in detail the process by which the Agreement was signed by Plaintiff. [*Id.*, ¶¶ 9–21] Defendant has easily satisfied its prima facie burden. *See Arnold*, 2016 WL 502061, at *3 (finding that defendant had met the prima facie burden by providing a copy of the signed arbitration agreement). Plaintiff has failed to submit any evidence placing the Agreement "in issue"; indeed, Plaintiff failed altogether to file a response to the current Motion. The record is uncontroverted that both parties "agreed to arbitrate," and there is no "genuine issue" regarding the validity of the Arbitration Agreement. Fed. R. Civ. P. 56; *Stout*, 228 F.3d at 714; *Great Earth*, 288 F.3d at 889. Further,

Plaintiff's discrimination claims against Adecco fit squarely within the scope of the Arbitration Agreement, which covers "any and all disputes, claims or controversies arising out of or relating to [the] Agreement, the employment relationship between the Parties, or the termination of the employment relationship." [R. 27-1, p. 9]

Moreover, the Sixth Circuit has already determined that the Arbitration Agreement required Plaintiff to arbitrate his claims against Radial (as a third-party beneficiary) and that all such claims fell within the scope of the Arbitration Agreement:

> Gesenhues entered into an agreement with Adecco that any disputes arising from his employment with Adecco, his work assignment with an Adecco client, and any claims against the client itself would be submitted to binding arbitration. All Gesenhues's discrimination claims arise out of or relate to his employment with Adecco and his work assignment with Radial and therefore were within the scope of the arbitration agreement. Radial was not a party to that agreement, but Gesenhues agrees that Radial was an intended third party beneficiary. Consequently, Radial is entitled to enforce the agreement.

[R. 20-2, p. 4] Adecco, like Radial, is entitled to enforce the Arbitration Agreement. Plaintiff agreed to arbitrate "any disputes arising from his employment with Adecco," and "[a]ll of Gesenhues's discrimination claims arise out of or relate to his employment with Adecco . . . and therefore were within the scope of the arbitration agreement." [*Id.*]

Turning to the third and fourth inquiries, each of Plaintiff's federal discrimination claims is subject to arbitration. "It is well settled that judicial protection of pre-dispute arbitral agreements extends to agreements to arbitrate statutory employment discrimination claims." *McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004). Arbitration of such statutory claims is appropriate because "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295, n.10 (2002) (alteration in original) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,*

*Inc.*, 473 U.S. 614, 628 (1985)). All Gesenhues's claims are arbitrable, and the Court finds that Congress did not intend for any of the claims to be non-arbitrable. Moreover, the Sixth Circuit's prior order in this case explicitly held that all of Plaintiff's claims are subject to arbitration. [R. 20-2, p. 4]

Finally, the last issue remaining is whether to stay the action or dismiss it entirely. Section 3 of the FAA suggests that staying the case and retaining jurisdiction until the arbitration is concluded is appropriate, 9 U.S.C. § 3, but the Sixth Circuit has frequently held that a case may be dismissed rather than stayed when all claims in the case are referred to arbitration. *See, e.g.*, *Ozmoor v. T–Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009); *see also Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly support dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992))). Since all of Plaintiff's claims fall squarely within the Arbitration Agreement, the Court will dismiss the case without prejudice. Based on the above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Compel Arbitration and Dismiss the Case Without Prejudice **[R. 27]** is **GRANTED**.

2. The case is **DISMISSED WITHOUT PREJUDICE** subject to the parties' right to move to re-open this case for entry of an arbitration award or for any other relief to which the parties may be entitled.

3. Plaintiff Gesenhues **SHALL** prosecute his claims in accordance with the Parties' Arbitration Agreement.

4. This case shall be **STRICKEN** from the Court's active docket.

This the 9th day of December, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY